IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

SCOTT BRADEN, as parent and next friend of M            PLAINTIFF

v.                  Case No. 3:10-CV-03118

MOUNTAIN HOME SCHOOL DISTRICT; CHARLES
SCRIBER, individually and in his official capacity as
Superintendent; DEBBIE ATKINSON, individually and as
Director of Special Education; MICHELLE MCWILLIAMS,
individually and in her official capacity as Principal
of Pinkston Middle School; LINDA WHITE, individually
and as Vice Principal of Pinkston Middle School; and
CASSIE FOWLER, individually and in her official capacity
as Teacher of the Alternative Learning Education Classroom      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Currently before the Court is Plaintiff's Motion for Leave to File Amended Complaint (Doc. 39). For the reasons set forth below, Plaintiff's Motion is DENIED.

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." It is clear to the Court that in the case at bar, justice does not require granting leave to amend at this juncture. The Complaint was filed on December 8, 2010 and originally set for trial on March 26, 2012. The case was then continued to November 5, 2012, after counsel for both parties informed the Court shortly before trial that they had failed to conduct any discovery during the past year that the matter was pending.

On September 13, 2012, Defendants filed a Motion for Summary Judgment (Doc. 15), to which Plaintiff filed a Response in Opposition (Doc. 23), and Defendants filed a Reply (Doc. 31). As the Motion for Summary Judgment sought to dismiss Plaintiff's entire case, the parties in the

course of responding and replying to the Motion thoroughly briefed all legal issues and identified the material disputes of fact that remained. On October 18, 2012, the Court entered its Order (Doc. 33) granting in part and denying in part Defendants' Motion and preserving several claims for trial.

Approximately two weeks before the November 5, 2012 trial date, Plaintiff's counsel moved for another continuance, citing her ongoing personal medical issues as grounds. The Court, out of concern that this case had been pending for nearly two years and was the oldest active case on the docket, held a telephonic pre-trial conference on October 29, 2012, just one week prior to the trial date. During the telephonic conference, Plaintiff's counsel informed the Court that new counsel would shortly be entering an appearance on behalf of Plaintiff, and current counsel would withdraw. Even though discovery had been concluded, the legal and factual issues had been briefed extensively by the parties on summary judgment, and Defendants had stated that they were substantially ready for trial at that time, the Court had no choice but to continue the trial for the express purpose of allowing sufficient time for Plaintiff's new counsel to familiarize himself or herself with the case and prepare for trial. The Court issued an amended scheduling order on November 1, 2012, setting the new trial date for April 1, 2013.

As of today, despite Plaintiff's counsel's assurances to the Court, new counsel has not entered an appearance on Plaintiff's behalf. Moreover, the Court understands that nothing has changed with regard to current counsel's apparent inability to devote the time needed to zealously prosecute this matter on behalf of her client. *See* Doc. 34 ("[Plaintiff's current] Counsel will need to be available to assist in her husband's daily treatment at UAMS, which is mandatory . . . Counsel requests that the trial of this case be continued until sometime in March, 2013, due to her personal emergency); Doc. 34-1 ("[Counsel] will need to cancel all out of town hearings and trials over the next 4 months

in order to provide the required assistance for her husband's daily treatment at the UAMS Myeloma Institute."). In short, even though two months have passed since the Court continued the trial of this matter to accommodate new counsel, the only new entry on the Court's docket is the instant Motion for Leave to Amend the two-year-old Complaint.

The extended discovery deadline—which the Court put in place for the benefit of Plaintiff's new counsel, who never made an appearance—is now a little more than one week away. It is plain to the Court that Plaintiff seeks to capitalize on the multiple continuances granted in this case to assert new claims that have arisen during the two-year pendency of this matter. These new claims are factually dissimilar from the rest of the claims in the Complaint, which concern Defendants' knowledge of the alleged sexual abuse of Plaintiff's child by another student in 2009.

According to Plaintiff's Motion for Leave to Amend (Doc. 39), the new claims he wishes to add to his Complaint derive from administrative appeals now pending before the Arkansas Department of Education for Defendants' alleged violations of the Individuals with Disabilities Education Act in 2011. The Court notes that Plaintiff filed these administrative appeals on August 9, 2012—<u>eighteen months after the original Complaint was filed in this case</u>—and on December 31, 2012—<u>two years after the original Complaint was filed and two months after this case was set to go to trial</u>. (Docs. 39-1 and 39-2). Allowing Plaintiff to amend the Complaint now would necessitate further discovery, more continuances, and unnecessary delay in the administration of justice in this case. Plaintiff is free to bring these other claims in a separate lawsuit.

Accordingly, for the reasons set forth above, Plaintiff's Motion for Leave to File Amended Complaint (Doc. 39) is DENIED. A status conference remains set for January 9, 2013, at 1:30 p.m. in Fort Smith.

IT IS SO ORDERED this 7th day of January, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE