IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

SCOTT BRADEN, as parent and next friend of M                                      PLAINTIFF

v.                                       Case No. 3:10-CV-03118

MOUNTAIN HOME SCHOOL DISTRICT;
CHARLES SCRIBER; DEBBIE ATKINSON;
MICHELLE MCWILLIAMS; and LINDA WHITE                                     DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Mountain Home School District, Charles Scriber, Debbie Atkinson, Michelle McWilliams, and Linda White's[1] Motion for Reconsideration (Doc. 62) of the Court's February 12, 2013, order denying their Amended Second Motion for Summary Judgment. Plaintiff did not file a response.

Defendants contend that their Motion for Reconsideration is made pursuant to Federal Rule of Civil Procedure 59(e), which concerns motions to alter or amend judgments. However, as no judgment has entered in this case, Rule 59(e) does not apply. Instead, the Court construes Defendants' Motion for Reconsideration as a motion for relief from a final order pursuant to Rule 60(b), which may be granted due to (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a judgment based on an earlier judgment that has been reversed or vacated; or (6) any other reason that justifies itself. Fed. R. Civ. P. 60(b). Rule 60(b) "provides for

---

[1] Since the filing of Defendants' Motion for Reconsideration, Plaintiff moved to voluntarily dismiss Defendant Cassie Fowler from the lawsuit, with prejudice (Doc. 65). The Court entered an order on March 8, 2013, advising Plaintiff that the Court would not consider his motion to dismiss until he complied with Local Rule 7.2 by filing a brief in support. As no brief in support has been filed to date, Ms. Fowler remains a Defendant to this action.

extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986). Here, the Court concludes that the relief Defendants seek is not justified pursuant to Rule 60(b).

The Court determined in its first order denying summary judgment on qualified immunity that a genuine issue of material fact exists regarding whether any of the individual Defendants, who are school officials, had knowledge of the incidents surrounding the alleged sexual abuse and sexual assault of Plaintiff's child, M, by another student. If such knowledge on the part of any of these school officials were proven at trial, Defendants could be subject to individual liability pursuant to 42 U.S.C. § 1983. Defendants now inform the Court that they refrained from appealing the Court's first summary judgment order on the issue of qualified immunity—even though Defendants believed that an appeal "would likely have resulted in remand"—in order to afford the Court a second chance, of sorts, to redeem itself and revisit the argument when Defendants trotted it out again, without material change, in their Amended Second Motion for Summary Judgment. *See* Doc. 63, p. 4. The Amended Second Motion for Summary Judgment treated the Court to a rehash of the same legal arguments on qualified immunity that were submitted by Defendants the first time around.

Though Defendants complain in their Motion for Reconsideration that the Court failed to conduct an individualized assessment of each Defendant's entitlement to qualified immunity, the Court finds that the parties did not provide sufficient information about the individual Defendants to allow the Court to substantively distinguish between them, whether by their knowledge or by their job descriptions. Plaintiff generally alleges that each Defendant had knowledge of the facts asserted in the Complaint, and Defendants in response generally deny knowledge or responsibility and submit affidavits confirming their general denials.

Determining the extent of a party's knowledge necessarily involves drawing inferences from

factual circumstances, which is generally inappropriate for a trial court to do on summary judgment. "[I]nformation relating to state of mind generally is within the exclusive knowledge of one of the litigants and can be evaluated only on the basis of circumstantial evidence . . . Inasmuch as a determination of someone's state of mind usually entails the drawing of factual inferences as to which reasonable people might differ—a function traditionally left to the jury—summary judgment often will be an inappropriate means of resolving an issue of this character." 10B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2730 (3d ed.) (1998). Ultimately, the credibility of each Defendant must be tested by a jury at trial. "A court is not 'to weigh the evidence and determine the truth of the matter but [instead should] determine whether there is a genuine issue for trial.'" *Commercial Union Ins. Co. v. Schmidt*, 967 F.2d 270, 272 (8th Cir. 1992) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "[T]rial courts should act with great caution and may deny summary judgment when [they] believe[] the better course is to proceed with a full trial." *Id.* (internal quotation omitted). "It is only when the witnesses are present and subject to cross-examination that their credibility and the weight to be given their testimony can be appraised." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 473 (1962). Moreover, "trial by affidavit is no substitute for trial by jury which so long has been the hallmark of 'even handed justice.'" *Id.*

Defendants also contend that the Court failed to properly consider the significance of two supposedly "critical" exhibits submitted in support of the Amended Second Motion for Summary Judgment. These two exhibits were (1) the notes of M's teacher, Cassie Fowler, and (2) an affidavit submitted by the police officer who investigated M's alleged sexual assault. Defendants believe that the evidence contained in these two exhibits conclusively establishes Defendants' collective lack of

knowledge that there was any "sex-related problem" going on in M's classroom prior to M's alleged sexual assault. (Doc. 63, p. 2).

The Court finds that the information in Ms. Fowler's notes does not establish whether or not Ms. Fowler or any of the other Defendants had knowledge of the events described in the Complaint. The extent of Defendants' knowledge is a fact issue that is properly left for the fact-finder at trial. As for the affidavit of the investigating police officer, the Court finds that the information contained therein does not change the Court's conclusion as to the individual Defendants' entitlement to qualified immunity. Though the police officer in his affidavit points out a typographical error contained in the original police report, the Court did not rely on the error when making its findings. *See* Doc. 33, p. 4 (clearly assuming the police report and all contemporaneous interviews conducted by the investigating officer took place in May of 2009).

Accordingly, the Court finds that Defendants Motion for Reconsideration (Doc. 62) is DENIED. This case is set for jury trial beginning on April 2, 2013.

IT IS SO ORDERED this 12th day of March, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE